UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PAUL HANSON
[United States Marshal Service],

      Plaintiff,

v.

FAKE FRAUDULENT CREDIT
COLLECTORS/IDENTITY THEFT,

      Defendants.

Civil No. 05-2869 (JRT/JJG)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is

In this case, Plaintiff's complaint is almost completely incomprehensible. As far as the Court can tell, Plaintiff is unhappy about some debt collection letters that he has received. He apparently is trying to sue one or more of the parties who sent those letters, but the caption of his complaint identifies the Defendant only as "Fake Fraudulent Credit Collectors/Identity Theft."

The only substantive allegations in the complaint itself are as follows:

"Tired of Saying "No" to A Bunch of Fake Bill Collectors. [ ¶ ] Organized Criminal Credit Collectors in these Billings are Fake – not Real Credit Collectors."

Plaintiff submitted several pieces of paper with his complaint, which the Clerk's Office has filed as "Exhibits," but those documents do not add anything meaningful to the meager allegations set forth in the complaint itself.

Even with the liberal construction that is required in pro se cases (<u>Atkinson</u>, 91 F.3d. at 1129, <u>citing</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)(<u>per</u> <u>curiam</u>)), Plaintiff's complaint clearly fails to state any claim on which relief can be granted.

The most glaring defect in the complaint is that it does not adequately identify who Plaintiff is attempting to sue. The "Defendant" listed in the caption of the complaint, "Fake Fraudulent Credit Collectors/Identity Theft," does not appear to be a cognizable legal entity that can be sued as such. It could be inferred that Plaintiff is trying to bring some type of claim against whoever sent the debt collection letters to which he has alluded, but it is impossible to guess who, specifically, he is actually trying to sue.

---

"frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

Furthermore, the complaint does not set forth any factual allegations that would support any cause of action against anyone. Plaintiff has not alleged any <u>specific historical facts</u>, which if proven true, could cause some particular party to be liable to him. Nor does Plaintiff's complaint identify any <u>legal</u> grounds for granting any type of judgment in his favor in this matter.

In short, Plaintiff's complaint is grossly inadequate. He has not adequately identified who he is trying to sue, and he has not adequately described any factual or legal basis for bringing an action in federal court. Therefore, Plaintiff's IFP application must be denied, and this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: December 14, 2005                                       s/Jeanne J. Graham

                                                               _____
                                                               JEANNE J. GRAHAM
                                                               United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by <u>January 5, 2006</u>. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to

resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.